UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| PATRICIA GRABOVAC, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:03-CV-847 CAS |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This closed civil matter is before the Court on a letter filed pro se by plaintiff Patricia Grabovac on June 9, 2017, which the Court construes as a motion to seal or redact the case file.[1] For the following reasons, the motion will be denied.

**I. Background**

Plaintiff filed this employment discrimination action through counsel in June 2003. The Court granted defendant Allstate Insurance Company's motion for summary judgment and entered judgment in favor of defendant and against plaintiff on all of plaintiff's claims on September 23, 2004 (Docs. 30, 31). Plaintiff appealed, and the Eighth Circuit Court of Appeals affirmed in a opinion issued October 20, 2005. See Grabovac v. Allstate Insurance Co., 426 F.3d 951 (8th Cir. 2005).

In June 2017, plaintiff filed the instant motion to seal or redact the case file on the basis that it contains unspecified "personal information" and her "personal mistake" that she did not know would be part of the record. Plaintiff also states that in 2005 she did not know this information

---

[1]This case was originally assigned to the late Judge Donald J. Stohr. The case was reassigned to the undersigned on June 20, 2017, following the receipt of plaintiff's letter.

would later be accessible via the internet. Plaintiff asserts that as a result of this information she has to live with shame and it causes her to "not be employed," and plaintiff states she has a disabled son she must provide for. In her motion, plaintiff specifically refers to the Eighth Circuit's published opinion, but the Court will construe the motion as being directed to this Court's electronic case file.

## II. Discussion

The Eighth Circuit has stated that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978)). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings," and "provides a measure of accountability to the public at large, which pays for the courts." IDT Corp. v. eBay, 709 F.3d 1220, 1222 (8th Cir. 2013) (cited cases omitted).

The Eighth Circuit recently stated that the decision whether to seal a court file is "best left to the sound discretion of the trial court." Duckworth v. St. Louis Metro. Police Dep't, 654 F. App'x 249, 250 (8th Cir. 2016) (unpublished per curiam) (quoting United States v. Webbe, 791 F.2d 103, 106 (8th Cir. 1986)). "While there is a 'common-law right of access to a civil proceeding . . . that right is not absolute.'" Id. (quoting IDT Corp., 709 F.3d at 1222). Courts are instructed to balance "the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed." IDT Corp., 709 F.3d at 1223.

The Eighth Circuit recently held that this Court did not abuse its discretion in denying a motion to seal and redact a case file where a plaintiff alleged that because of her discrimination lawsuit she was "unable to become gainfully employed because every potential job employer and interviewer asks about this case." Duckworth, 654 F. App'x at 250. The Duckworth case presented

2

a situation similar to the instant case, absent the issue of an allegation of personal shame, and is therefore persuasive. Further, "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." S.E.C. v. Shanahan, 2006 WL 3330972, at *4 (E.D. Mo. Nov. 15, 2006) (quoting Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted)).

Although the Court is sympathetic to plaintiff's plight, she has not alleged facts that would overcome the common-law right of access to the documents contained in the case file, which is a judicial record. See IDT Corp., 709 F.3d at 1222. This is particularly true because the Court reached the merits of plaintiff's claims and adjudicated them in resolving the defendant's motion for summary judgment. The weight given to the presumption of public access is therefore greater, because a decision on the merits is of value to those monitoring the federal courts. See id. at 1224. To seal the record of this case under the circumstances presented by plaintiff's motion would improperly "interfere with the interests served by the common-law right of access." Id. at 1223.

For these reasons, the Court concludes it is not appropriate to restrict public access to the electronic file of this case and plaintiff's motion to seal it will be denied. As to her alternative motion to redact, plaintiff does not specify and the Court cannot envision how the case file could be redacted to correct the ill effects she describes. This is in part because plaintiff's motion only mentions the Eighth Circuit Court of Appeals' decision, which is not only available on the internet but is published in the Federal Reporter Third series. This Court has no authority to seal or redact an opinion of the Eighth Circuit.

### III. Conclusion

For the foregoing reasons, plaintiff's motion to seal or redact the case file will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's letter to the Court, construed as a motion to seal or redact the case file, is **DENIED**. [Doc. 38]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of July, 2017.